THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHUONG H. NGUYEN,<br><br>                    Petitioner,<br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | CASE NO. C22-1137-JCC<br><br>ORDER |

This matter comes before the Court on Petitioner Phuong H. Nguyen's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Dkt. No. 1). Having thoroughly considered the motion, the Government's answer, the relevant record, and finding there to be no dispute of fact and therefore no evidentiary hearing necessary, the Court hereby DENIES the motion.

**I.    BACKGROUND**

Mr. Nguyen pled guilty in February 2016 to one count of Conspiracy to Distribute Controlled Substances and one count of Felon in Possession of a Firearm. *See United States of America v. Phuong H. Nguyen*, CR15-0120-JCC-015, Dkt. No. 497 (W.D. Wash. 2016). The Court determined that Mr. Nguyen's offense level was 29 and his criminal history category was VI—resulting in a Guideline range of 151–188 months for the drug conspiracy offense and 120 months for the firearm offense—and sentenced him to 144 months in prison and 5 years of

supervised release. *Id*. at Dkt. No. 740.

In October 2021, Mr. Nguyen moved, *pro se*, to reduce his sentence. *Id*., Dkt. No. 1332. He was then appointed counsel who filed supplemental briefs on his behalf. *Id*., Dkt. No. 1353. Mr. Nguyen's motion sought a reduction in sentence based on a variety of grounds, including the harshness of his sentence and his interest in reuniting with his daughter. *Id*. Mr. Nguyen further argued that the Washington State Supreme Court's decision in *State v. Blake*, 481 P.3d 521 (Wash. 2021), created an extraordinary and compelling reason warranting a reduction in sentence: That decision invalidated Washington's strict liability drug possession statute on constitutional grounds, and Mr. Nguyen's convictions under that statute increased his criminal history score and, accordingly, his guideline range. *Id*.

The Court rejected Mr. Nguyen's arguments on the grounds that early release was not warranted based on the seriousness of Mr. Nguyen's offense, his criminal history, and the need to avoid unwarranted sentencing disparities. *See Nguyen,* Dkt. No. 1358 at 4 (W.D. Wash. 2016). In August 2022, Mr. Nguyen filed this 8 U.S.C. § 2255 petition. (Dkt. No. 1.) The Court ordered the Government to respond. (Dkt. No. 4.) The Government opposed the petition. (Dkt. No. 7.)

## II. DISCUSSION

### A. Legal Standard

A prisoner in federal custody who believes his sentence violates the Constitution or federal law may petition the sentencing court to vacate the conviction or set aside the sentence. 28 U.S.C. § 2255(a). When presented with a motion under 28 U.S.C. § 2255, the Court must first determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). If they do not, the Court must order the Government to answer the motion. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Once an answer is filed, the Court "must review the answer, any transcripts and records of prior proceedings, and any [supplemental] materials [the Court requests] to determine whether an evidentiary hearing is warranted." Rule

8(a). "Mere conclusory allegations do not warrant an evidentiary hearing." *Id.* at 1161. A "collateral attack on a criminal conviction must overcome the threshold hurdle that the challenged judgment carries with it a presumption of regularity, and that the burden of proof is on the party seeking relief." *Williams v. United States*, 481 F.2d 339, 346 (2d Cir. 1973).

### B. Collateral Attack Waiver

The Government argues that the Mr. Nguyen's claim is barred because he waived his right to bring a collateral attack on his sentence. (Dkt. No. 7 at 7.) A collateral attack waiver is valid under the law. The issue here is whether *United States v. Torres*, 828 F.3d 1113 (9th Cir. 2016) creates an exception to a waiver of collateral attacks if a defendant's sentence is "illegal," and if that exception applies here. The government seeks to distinguish *Torres* on the grounds that this case is a collateral review of a sentence, whereas *Torres* was on direct appeal. (Dkt. No. 7 at 8.) The petitioner argues that his sentence is illegal because the *Blake* decision overturned his past convictions, and therefore, the waiver does not apply.

The Court will not rule on whether *Torres* applies to collateral attacks in general, because even if it did, petitioner has not provided sufficient evidence that his sentence is illegal. A *post-hoc* change to factors that inform an **advisory** decision does not render petitioner's prior sentencing illegal. The Court looked beyond the sentencing guidelines to the totality of circumstances when making its sentencing determination. Notably, Mr. Nguyen's sentence of 144 months is below the previous advisory Guideline range of 151–188 months, while his current sentence falls within the adjusted range of 121–151 months. *See Nguyen,* Dkt. No. 739 (W.D. Wash. 2016).

The Court finds petitioner's motion to be barred by his waiver of his right to bring a collateral attack. *Id*. at Dkt. No. 497.

### C. Certificate of Appealability

When issuing a final order denying relief under Section 2255, the Court must determine whether to issue a certificate of appealability. The Court may issue a certificate of appealability

only if the movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In other words, the movant must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court of Appeals must accept a district court's findings regarding its reasons for imposing a sentence. *See United States v. Bush*, 594 F. App'x 389, 390 (9th Cir. 2015) ("A district court judge considering a sentence that he imposed may make findings as to his prior intention, and [the Ninth Circuit] 'must take such statements at face value.'") (quoting *United States v. Gonzales*, 765 F.2d 1393, 1397 (9th Cir. 1985)).

For the reasons explained herein, petitioner has not demonstrated a substantial showing of the denial of a constitutional right, and he is not entitled to a certificate of appealability.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Nguyen's motion to vacate, set aside, or correct his sentence, and DIRECTS the Clerk to close this case.

DATED this 1st day of November 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE